GENE BUSBOOM ET AL., APPELLEES, V. SOUTHEAST NEBRASKA
TECHNICAL COMMUNITY COLLEGE, A POLITICAL SUBDIVISION
OF THE STATE OF NEBRASKA, APPELLANT.
232 N. W. 2d 24

Filed August 7, 1975. No. 39835.

Douglas L. Curry of Ginsburg, Rosenberg, Ginsburg & Krivosha, for appellant.

Theodore L. Kessner of Crosby, Guenzel, Davis, Kessner & Kuester, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-COWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

This is a class action brought for and on behalf of the teachers in the Southeast Nebraska Technical Community College with a view to enforcing wage increases provided for in a negotiated settlement entered into for the 1973-1974 school year by the Lincoln School District Board of Education and the Lincoln Education Association representing the teachers in the Lincoln School District. The question presented is whether the negotiated settlement is binding on the defendant college. The trial court found that it was binding but applicable only to teachers with tenure. We find the agreement was not binding on the defendant in any respect and dismiss the action.

Originally the defendant was known as Area Vocational Technical School No.5. By legislative change it became known as Lincoln Nebraska Technical Community College Area. By legislative fiat the Lincoln Board

of Education served also as the college board. Section 79-2617 (3), R. R. S. 1943 (Reissue of 1971), provided: "The technical community college board for the Lincoln Nebraska Technical Community College Area shall be the board of education for the Class IV school district whose territory comprises the technical community college area. The officers of such board of education may function as the officers of the area board." Laws 1973, L.B. 533, expanded the area covered by defendant college, designated it as the Southeastern Nebraska Technical Community College Area, and provided for the appointment of a new governing board.

The facts are stipulated to. The stipulation provides that plaintiffs were employees of the Lincoln School District for the 1972-1973 school year. It lists the teachers in the defendant college with tenure and those without tenure. Tenured teachers were automatically rehired by the district but others were subject to termination. Salaries paid plaintiffs by defendant were not in accordance with the negotiated settlement. The Lincoln Board of Education convened in separate session when dealing with matters affecting the technical school but followed the same operational and personnel policies applied to the Lincoln School District. The technical school was under the direction of an assistant superintendent for post high school programs and the technical school was operated under a separate tax levy and budget.

The stipulation also discloses that the negotiated settlement was approved by the Lincoln School District Board of Education but does not reveal any action by that board when sitting as the Lincoln Nebraska Technical Community College Board. The negotiated settlement was approved by the school district board on May 8, 1973, but on February 27, 1973, the board had postponed the election of certified personnel with the Lincoln technical college pending clarification of its status, and affected teachers were notified by letter with a request for the return of an intent card.

Exhibit 11, attached to the stipulation, comprises the only minutes appearing of a meeting of the Lincoln Nebraska Technical Community College Board while still comprised of the same membership as the Lincoln School District Board. It reflects a report of a meeting with the new Southeastern Nebraska Technical Community College Board and at the request of this board, all employees of the Lincoln technical college were reappointed and placed on the current salary schedule with an increment if due.

Under Laws 1971, L.B. 759, and subsequent amendments to Chapter 79, article 26, of the Nebraska statutes, the state was divided into technical community college areas, with separate governing boards to be appointed and then elected. Prior to that time the technical schools were governed by "the school district board of education or a governing board of the area vocational technical school." See § 79-1445.23, R. S. Supp., 1969. The technical schools had authority to levy taxes. See § 79-1445.30, R. S. Supp., 1969. They were also given power to borrow money, issue bonds, and receive state and federal funds. Chapter 79, article 14, R. S. Supp., 1969. A Class IV School District such as Lincoln had no power or authority to operate a technical college although its governing board may have operated in a dual capacity. The powers above-mentioned were delegated to a technical college, not to a school district, and were necessarily exercised by the technical college board as distinguished from the school board. It follows that a school district board functioning in a dual capacity, when sitting solely as a school district board, could not bind the technical college and vice versa when sitting as the governing body of the technical college. For example, if bonds were issued, or a tax levy made, they had to be in the name of the technical college and authorized by the technical college board. In this connection it is noted that the Lincoln technical college operated under a separate tax levy and budget and the members of the school

board convened in separate session when dealing with matters pertaining to the technical college, notwithstanding they followed generally the same operational and personnel policies. It is also noted that the school district board refused, long prior to the negotiated settlement, to reelect certified personnel and subsequently, at the request of the new Southeast Nebraska Technical Community College Board, reappointed all technical college employees on prevailing financial terms except where increments were due.

This record discloses that the negotiated settlement was entered into by the Lincoln School District Board sitting as such. It does not reveal that it was ever entered into by the Lincoln Nebraska Technical Community College Area or by the school district board sitting in its capacity as a technical college board. In 1971 the Legislature adopted a comprehensive act pertaining to technical community colleges. See Laws 1971, L.B. 759, effective August 27, 1971. Prior to the passage of that act under Chapter 79, article 14, R. S. Supp., 1969, the technical colleges could be governed by local school district boards "or a governing board of the area vocational technical school." The school district boards as such were specifically empowered to levy taxes, issue bonds, and generally perform every act which the board of an area vocational training school was authorized to perform. Under the 1971 act these powers were limited to the technical college area boards and it was provided that: "The technical community college board for the Lincoln Nebraska Technical Community College Area shall be the board of education for the Class IV school district * * *." The amendments indicate a legislative intent to create separate governing boards for the technical colleges. The school districts were deprived of all governmental authority in regard to these colleges although the membership of the Lincoln technical college board was to be the same as the membership of the Lincoln Board of Education. This intent on the part of

the Legislature is emphasized by the provision contained in section 79-2627, R. R. S. 1943 (Reissue of 1971), that area and local school district boards might enter into agreements for services, facilities, etc.; and also by the 1974 provision providing for an area technical college board entirely separate from the Lincoln Board of Education. See §§ 79-2604 and 79-2617, R. S. Supp., 1974. By statute the authority to govern and act in behalf of the technical college is conferred on the technical college board, not on a school district board, and the fact that a school district board may act in a dual capacity does not relieve it of the duty to convene as a technical college board and to function as such.

In 16 McQuillin (3d Ed., 1972), Municipal Corporations, Public Education, § 46.09b, p. 691, it is stated: "School directors must act as a board, a legal entity; that is, their action must be at a meeting duly assembled, in the manner prescribed, e.g., after the giving of notice, and there must be a quorum present to enable the board to transact business. It has been aptly announced that a board of education, like any other municipal body, speaks only through and by its record of what was done *when acting as a body in a corporate meeting*; no two members or all of them acting individually or separately can bind the board or make a contract for it." (Emphasis supplied.) See, also, 78 C. J. S., Schools and School Districts, § 122, p. 909; 2 Am. Jur. 2d, Administrative Law, § 227, p. 57.

We conclude that the settlement was not binding upon defendant's predecessor and consequently is not binding upon the defendant. We do not overlook the stipulated provision that plaintiffs were employees of the Lincoln School District. Since the school district and the technical college were separate organizations, operated by separately acting governing bodies, with separate budgets, this portion of the stipulation is contrary to the facts and the law and cannot stand.

The judgment of the District Court is reversed and plaintiffs' petition dismissed.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.

CLINTON, J., concurs in the result.